UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

           :

UNITED STATES OF AMERICA    :

           :

    - v. -       :    <u>SEALED</u>
           :    <u>SUPERSEDING INDICTMENT</u>

JULIO MARQUEZ-ALEJANDRO,   :
    a/k/a "Chino Montero,"  :    S5 16 Cr. 387 (JMF)
LUIS BLONDET,        :
    a/k/a "Cabezon,"     :
OSCAR VALDES-GARCIA,     :
    a/k/a "Pony,"       :
JASON DONES-GONZALEZ,    :
    a/k/a "Jason,"      :
    a/k/a "Arrabal,"     :
JOSE VICTOR PELLOT-CARDONA, :
    a/k/a "Vitito,"     :
REINALDO CRUZ-FERNANDEZ,   :
    a/k/a "Remy,"       :
RALPH LABOY,         :
WILLIAM VASQUEZ-BAEZ,    :
JOSE MARTINEZ-DIAZ,     :
    a/k/a "Tony Zinc," and  :
FERNANDO GOMEZ,       :

           :

    Defendants.     :

           :

- - - - - - - - - - - - - - - - X

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/18

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

1.    At all times relevant to this Indictment, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," LUIS BLONDET, a/k/a "Cabezon," OSCAR VALDES-GARCIA, a/k/a "Pony," JASON DONES-GONZALEZ, a/k/a "Jason," a/k/a "Arrabal," JOSE VICTOR PELLOT-CARDONA, a/k/a "Vitito," REINALDO CRUZ-FERNANDEZ, a/k/a "Remy," and JOSE MARTINEZ-

DIAZ, a/k/a "Tony Zinc," the defendants, and others known and unknown, were members and associates of *La Organizacion de Narcotraficantes Unidos* ("La ONU," or the "Enterprise"), a criminal organization whose members and associates engaged in acts of violence, including murder, and distribution of controlled substances, including the trafficking of cocaine from Puerto Rico to the Bronx, New York.

2.   La ONU, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  This Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.  At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### PURPOSES OF THE ENTERPRISE

3.   The purposes of the Enterprise included the following:

a.   Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including the trafficking of cocaine to New York.

b.    Preserving and protecting the power of the Enterprise and its members and associates through murder, attempted murder, other acts of violence, and threats of violence.

c.    Promoting and enhancing the Enterprise and the activities of its members and associates.

### MEANS AND METHODS OF THE ENTERPRISE

4.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise trafficked in cocaine, cocaine base, heroin, and marijuana.

b.    Members and associates of the Enterprise committed, conspired to commit, and attempted to commit, acts of violence, including murder and assault, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with other criminal organizations.

c.    Members and associates of the Enterprise used physical violence and threats of violence, including murder, attempted murder, and attempted assault against various people, including in particular individuals associated with rival criminal organizations.

d.    Members and associates of the Enterprise obtained, possessed, and used firearms.

3

e.	Members of the Enterprise and their associates engaged in violent acts in order to advance within the enterprise.

f.	Members of the Enterprise and their associates were ordered to shoot and kill suspected rival drug trafficking members.

## THE RACKETEERING CONSPIRACY

5.	From at least in or about 2004, up to and including in or about 2016, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," LUIS BLONDET, a/k/a "Cabezon," OSCAR VALDES-GARCIA, a/k/a "Pony," JASON DONES-GONZALEZ, a/k/a "Jason," a/k/a "Arrabal," JOSE VICTOR PELLOT-CARDONA, a/k/a "Vitito," REINALDO CRUZ-FERNANDEZ, a/k/a "Remy," and JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described above, namely, La ONU, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of La ONU through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and

1961(5), consisting of multiple acts involving murder, chargeable under Puerto Rico Penal Code Articles 105 and 106 (murder), Article 43 (aiding and abetting), and Article 249 (conspiracy); and offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 812, 841, and 846.

6. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Murder of Crystal Martinez-Ramirez)

The Grand Jury further charges:

7. At all times relevant to this Indictment, La ONU, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

8.  At all times relevant to this Indictment, La ONU, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of the Puerto Rico Penal Code, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

9.  On or about April 9, 2005, in the Southern District of New York and elsewhere, LUIS BLONDET, a/k/a "Cabezon," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La ONU, and for the purpose of gaining entrance to and maintaining and increasing position in La ONU, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Crystal Martinez-Ramirez in the vicinity of Calle Jerusalem and Calle Penalara, San Juan, Puerto Rico, in violation of Puerto Rico Penal Code, Articles 105 and 106, in that, (i) with intent to cause the death of another person, BLONDET, and others known and unknown, caused the death of Crystal Martinez-Ramirez; and (ii) under circumstances evincing a depraved indifference to human life, BLONDET, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person,

and thereby caused the death of Martinez-Ramirez.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT THREE
### (Use of a Firearm for the Murder of Crystal Martinez-Ramirez)

The Grand Jury further charges:

10.    On or about April 9, 2005, in the Southern
District of New York and elsewhere, LUIS BLONDET, a/k/a
"Cabezon," the defendant, and others known and unknown, during
and in relation to a crime of violence for which he may be
prosecuted in a court of the United States, namely, the murder
of Crystal Martinez-Ramirez in aid of racketeering charged in
Count Two of this Indictment, willfully and knowingly did use
and carry a firearm, and, in furtherance of such crime of
violence, did possess a firearm, and did aid and abet the use,
carrying, and possession of a firearm, and in the course of that
crime of violence did cause the death of a person through the
use of a firearm, namely the death of Martinez-Ramirez, which
killing is murder as defined in Title 18, United States Code,
Section 1111(a), to wit, BLONDET shot and killed, and aided and
abetted the shooting and killing of, Martinez-Ramirez in the
vicinity of Calle Jerusalem and Calle Penalara, San Juan, Puerto
Rico.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT FOUR
### (Murder of Jean Adorno-Caballero)

The Grand Jury further charges:

11.   Paragraphs 7 and 8 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

12.   On or about June 23, 2006, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La ONU, and for the purpose of gaining entrance to and maintaining and increasing position in La ONU, an enterprise engaged in racketeering activity, as described above, knowingly murdered and aided and abetted the murder of Jean Adorno-Caballero in the vicinity of Calle Ruiz Belvis and Calle Caribe, San Juan, Puerto Rico, in violation of Puerto Rico Penal Code, Articles 105 and 106, in that, (i) with intent to cause the death of another person, MARQUEZ-ALEJANDRO, VALDES-GARCIA and others known and unknown, caused the death of Jean Adorno-Caballero; and (ii) under circumstances evincing a depraved indifference to human life, MARQUEZ-ALEJANDRO, VALDES-GARCIA, and others known and

unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Adorno-Caballero.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FIVE
### (Murder of Jean Adorno-Caballero in Connection with a Drug Crime)

The Grand Jury further charges:

13. On or about June 23, 2006, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a narcotics conspiracy involving the distribution of cocaine, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Jean Adorno-Caballero, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Section 2.)

## COUNT SIX
### (Use of a Firearm for the Murder of Jean Adorno-Caballero)

The Grand Jury further charges:

14. On or about June 23, 2006, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony,"

the defendants, and others known and unknown, during and in relation to a crime of violence and a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, the murder of Jean Adorno-Caballero in aid of racketeering charged in Count Four of this Indictment and a narcotics conspiracy involving the distribution of cocaine, willfully and knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of those crimes did cause the death of a person through the use of at least one of those firearms, namely the death of Adorno-Caballero, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MARQUEZ-ALEJANDRO and VALDES-GARCIA shot and killed, and aided and abetted the shooting and killing of, Jean Adorno-Caballero in the vicinity of Calle Ruiz Belvis and Calle Caribe, San Juan, Puerto Rico.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT SEVEN
**(Murder of Ken Gonzalez-Rodriguez)**

The Grand Jury further charges:

15.   Paragraphs 7 and 8 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

16.    On or about June 23, 2006, in the Southern

District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO,

a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony,"

the defendants, and others known and unknown, as consideration

for the receipt of, and as consideration for a promise and

agreement to pay, a thing of pecuniary value from La ONU, and

for the purpose of gaining entrance to and maintaining and

increasing position in La ONU, an enterprise engaged in

racketeering activity, as described above, knowingly murdered

and aided and abetted the murder of Ken Gonzalez-Rodriguez in

the vicinity of Calle Ruiz Belvis and Calle Caribe, San Juan,

Puerto Rico, in violation of Puerto Rico Penal Code, Articles

105 and 106, in that, (i) with intent to cause the death of

another person, MARQUEZ-ALEJANDRO, VALDES-GARCIA and others

known and unknown, caused the death of Ken Gonzalez-Rodriguez;

and (ii) under circumstances evincing a depraved indifference to

human life, MARQUEZ-ALEJANDRO, VALDES-GARCIA, and others known

and unknown, recklessly engaged in conduct which created a grave

risk of death to another person, and thereby caused the death of

Gonzalez-Rodriguez.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT EIGHT
### (Murder of Ken Gonzalez-Rodriguez in Connection with a Drug Crime)

The Grand Jury further charges:

17. On or about June 23, 2006, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a narcotics conspiracy involving the distribution of cocaine, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Ken Gonzalez-Rodriguez, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Section 2.)

## COUNT NINE
### (Use of a Firearm for the Murder of Ken Gonzalez-Rodriguez)

The Grand Jury further charges:

18. On or about June 23, 2006, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, during and in relation to a crime of violence and a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, the murder of Ken Gonzalez-Rodriguez in aid of

12

racketeering charged in Count Seven of this Indictment and a narcotics conspiracy involving the distribution of cocaine, willfully and knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of those crimes did cause the death of a person through the use of at least one of those firearms, namely the death of Gonzalez-Rodriguez, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MARQUEZ-ALEJANDRO and VALDES-GARCIA shot and killed, and aided and abetted the shooting and killing of, Ken Gonzalez-Rodriguez in the vicinity of Calle Ruiz Belvis and Calle Caribe, San Juan, Puerto Rico.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT TEN
### (Murder of Israel Crespo-Cotto)

The Grand Jury further charges:

19. Paragraphs 7 and 8 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

20. On or about December 28, 2006, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, as consideration

for the receipt of, and as consideration for a promise and
agreement to pay, a thing of pecuniary value from La ONU, and
for the purpose of gaining entrance to and maintaining and
increasing position in La ONU, an enterprise engaged in
racketeering activity, as described above, knowingly murdered
and aided and abetted the murder of Israel Crespo-Cotto in the
vicinity of Building F-15 of the Manuel A. Perez Residential
Area in Hato Rey, Puerto Rico, in violation of Puerto Rico Penal
Code, Articles 105 and 106, in that, (i) with intent to cause
the death of another person, MARQUEZ-ALEJANDRO, VALDES-GARCIA
and others known and unknown, caused the death of Israel Crespo-
Cotto; and (ii) under circumstances evincing a depraved
indifference to human life, MARQUEZ-ALEJANDRO, VALDES-GARCIA,
and others known and unknown, recklessly engaged in conduct
which created a grave risk of death to another person, and
thereby caused the death of Crespo-Cotto.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT ELEVEN
**(Murder of Israel Crespo-Cotto in Connection with a Drug Crime)**

The Grand Jury further charges:

21.  On or about December 28, 2006, in the Southern
District of New York and elsewhere, while engaged in an offense
punishable under Section 841(b)(1)(A) of Title 21, United States
Code, namely, a narcotics conspiracy involving the distribution

of cocaine, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Israel Crespo-Cotto, and such killing resulted.

> (Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Section 2.)

## COUNT TWELVE
### (Use of a Firearm for the Murder of Israel Crespo-Cotto)

The Grand Jury further charges:

22. On or about December 28, 2006, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," and OSCAR VALDES-GARCIA, a/k/a "Pony," the defendants, and others known and unknown, during and in relation to a crime of violence and a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, the murder of Israel Crespo-Cotto in aid of racketeering charged in Count Ten of this Indictment and a narcotics conspiracy involving the distribution of cocaine, willfully and knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of those crimes did cause the death of a person through the use of at least one of those firearms, namely the

death of Crespo-Cotto, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MARQUEZ-ALEJANDRO and VALDES-GARCIA shot and killed, and aided and abetted the shooting and killing of, Israel Crespo-Cotto in the vicinity of Building F-15 of the Manuel A. Perez Residential Area in Hato Rey, Puerto Rico.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT THIRTEEN
### (Murder of Anthony Castro-Carrillo in Connection with a Drug Crime)

The Grand Jury further charges:

23. On or about May 9, 2007, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a narcotics conspiracy involving the distribution of cocaine, RALPH LABOY and WILLIAM VASQUEZ-BAEZ, the defendants, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Anthony Castro-Carrillo, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Section 2.)

## COUNT FOURTEEN
### (Use of a Firearm for the Murder of Anthony Castro-Carrillo)

The Grand Jury further charges:

24. On or about May 9, 2007, in the Southern District

16

of New York and elsewhere, RALPH LABOY and WILLIAM VASQUEZ-BAEZ, the defendants, and others known and unknown, during and in relation to a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, a narcotics trafficking conspiracy involving the distribution of cocaine, willfully and knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of that crime did cause the death of a person through the use of at least one of those firearms, namely the death of Castro-Carrillo, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, LABOY and VASQUEZ-BAEZ shot and killed, and aided and abetted the shooting and killing of, Anthony Castro-Carrillo in the vicinity of Calle Rodriguez Ema, Apartment D-12, Carolina, Puerto Rico.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT FIFTEEN
### (Murder of Carlos Barbosa)

The Grand Jury further charges:

25. Paragraphs 7 and 8 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

26. On or about March 20, 2009, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO,

a/k/a "Chino Montero," JASON DONES-GONZALEZ, a/k/a "Jason,"

a/k/a "Arrabal," REINALDO CRUZ-FERNANDEZ, a/k/a "Remy," and JOSE

VICTOR PELLOT-CARDONA, a/k/a "Vitito," the defendants, and

others known and unknown, as consideration for the receipt of,

and as consideration for a promise and agreement to pay, a thing

of pecuniary value from La ONU, and for the purpose of gaining

entrance to and maintaining and increasing position in La ONU,

an enterprise engaged in racketeering activity, as described

above, knowingly murdered and aided and abetted the murder of

Carlos Barbosa in the vicinity of a barbershop located on Avenue

Amalia Paoli, Toa Baja, Puerto Rico, in violation of Puerto Rico

Penal Code, Articles 105 and 106, in that, (i) with intent to

cause the death of another person, MARQUEZ-ALEJANDRO, DONES-

GONZALEZ, CRUZ-FERNANDEZ, PELLOT-CARDONA, and others known and

unknown, caused the death of Carlos Barbosa; and (ii) under

circumstances evincing a depraved indifference to human life,

MARQUEZ-ALEJANDRO, DONES-GONZALEZ, CRUZ-FERNANDEZ, PELLOT-

CARDONA, and others known and unknown, recklessly engaged in

conduct which created a grave risk of death to another person,

and thereby caused the death of Barbosa.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIXTEEN
### (Murder in Carlos Barbosa in Connection with a Drug Crime)

The Grand Jury further charges:

27.  On or about March 20, 2009, in the Southern District of New York and elsewhere, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a narcotics conspiracy involving the distribution of cocaine, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," JASON DONES-GONZALEZ, a/k/a "Jason," a/k/a "Arrabal," REINALDO CRUZ-FERNANDEZ, a/k/a "Remy," and JOSE VICTOR PELLOT-CARDONA, a/k/a "Vitito," the defendants, and others known and unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Carlos Barbosa, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Section 2.)

## COUNT SEVENTEEN
### (Use of a Firearm for the Murder of Carlos Barbosa)

The Grand Jury further charges:

28.  On or about March 20, 2009, in the Southern District of New York and elsewhere, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," JASON DONES-GONZALEZ, a/k/a "Jason," a/k/a "Arrabal," REINALDO CRUZ-FERNANDEZ, a/k/a "Remy," and JOSE VICTOR PELLOT-CARDONA, a/k/a "Vitito," the defendants, and others known and unknown, during and in relation to a crime of

violence and a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, the murder of Carlos Barbosa in aid of racketeering charged in Count Fifteen of this Indictment and a narcotics trafficking conspiracy involving the distribution of cocaine, willfully and knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of those crimes did cause the death of a person through the use of at least one of those firearms, namely the death of Barbosa, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MARQUEZ-ALEJANDRO, DONES-GONZALEZ, CRUZ-FERNANDEZ, and PELLOT-CARDONA shot and killed, and aided and abetted the shooting and killing of, Carlos Barbosa in the vicinity of a barbershop located on Avenue Amalia Paoli, Toa Baja, Puerto Rico.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT EIGHTEEN
(Narcotics Conspiracy)

The Grand Jury further charges:

29. From at least in or about 2006, up to and including in or about 2016, in the Southern District of New York and elsewhere, JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," and FERNANDO GOMEZ, the defendants, and others known and unknown,

20

intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

30. It was a part and an object of the conspiracy that JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," and FERNANDEZ GOMEZ, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

31. The controlled substance that JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," and FERNANDO GOMEZ, the defendants, conspired to distribute and possess with the intent to distribute was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

32. In furtherance of the conspiracy, FERNANDO GOMEZ, the defendant, while working as a detective with the City of Evanston Police Department, obtained firearms from drug dealers, transported those firearms to Puerto Rico, and provided those firearms to JOSE MARTINEZ DIAZ, a/k/a "Tony Zinc," the defendant.

33. Also in furtherance of the conspiracy, FERNANDO GOMEZ, the defendant, would and did join the Drug Enforcement Administration so that GOMEZ could help members of the narcotics

conspiracy, including JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc,"
evade prosecution by law enforcement.

(Title 21, United States Code, Section 846.)

## COUNT NINETEEN
### (Use and Possession of Firearms)

The Grand Jury further charges:

34. From at least in or about 2006, up to and
including in or about 2016, in the Southern District of New York
and elsewhere, JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," and
FERNANDO GOMEZ, the defendants, during and in relation to a drug
trafficking crime for which they may be prosecuted in a court of
the United States, namely, the narcotics distribution conspiracy
charged in Count Eighteen of this Indictment, knowingly did use
and carry firearms, and, in furtherance of such crimes, did
possess firearms, and did aid and abet the use, carrying, and
possession of firearms, some of which were brandished and
discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii),
(iii) and 2.)

## SPECIAL FINDINGS AS TO LUIS BLONDET

35. Counts Two and Three of the Indictment are
realleged and incorporated by reference as though fully set
forth herein. As to Counts Two and Three of the Indictment,
alleging the murder of Crystal Martinez-Ramirez, the defendant
LUIS BLONDET, a/k/a "Cabezon":

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally killed Crystal Martinez-Ramirez (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of Crystal Martinez-Ramirez (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Crystal Martinez-Ramirez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Crystal Martinez-Ramirez died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D)).

## SPECIAL FINDINGS AS TO JULIO MARQUEZ-ALEJANDRO

36.    Counts Four, Five, and Six of the Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Four, Five, and Six of the

23

Indictment, alleging the murder of Jean Adorno-Caballero, the defendant JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero":

      a.    was 18 years of age or older at the time of the offenses;

      b.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Jean Adorno-Caballero died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      f.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

      g.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

37.    Counts Seven, Eight, and Nine of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Seven, Eight, and Nine of the Indictment, alleging the murder of Ken Gonzalez-Rodriguez, the defendant JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero":

      a.    was 18 years of age or older at the time of the offenses;

      b.    intentionally participated in an act,

contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Ken Gonzalez-Rodriguez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

d. intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

38. Counts Ten, Eleven, and Twelve of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Ten, Eleven, and Twelve of the Indictment, alleging the murder of Israel Crespo-Cotto, the defendant JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero":

a. was 18 years of age or older at the time of the offenses;

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Israel Crespo-Cotto died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

d.    the victim was particularly vulnerable due to old age, youth, or infirmity (Title 18, United States Code, Section 3592(c)(11)).

39.    Counts Fifteen, Sixteen, and Seventeen of the Indictment are realleged and incorporated by reference as though fully set forth herein.    As to Counts Fifteen, Sixteen, and Seventeen of the Indictment, alleging the murder of Carlos Barbosa, the defendant JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero":

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Carlos Barbosa died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

d.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO OSCAR VALDES-GARCIA

40.   Counts Four, Five, and Six of the Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Four, Five, and Six of the Indictment, alleging the murder of Jean Adorno-Caballero, the defendant OSCAR VALDES-GARCIA, a/k/a "Pony":

a.   was 18 years of age or older at the time of the offenses;

b.   intentionally killed Jean Adorno-Caballero (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury that resulted in the death of Jean Adorno-Caballero (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Jean Adorno-Caballero died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of

death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Jean Adorno-Caballero died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

       f.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

       g.   intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

      41.   Counts Seven, Eight, and Nine of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Seven, Eight, and Nine of the Indictment, alleging the murder of Ken Gonzalez-Rodriguez, the defendant OSCAR VALDES-GARCIA, a/k/a "Pony":

       a.   was 18 years of age or older at the time of the offenses;

       b.   intentionally killed Ken Gonzalez-Rodriguez (Title 18, United States Code, Section 3591(a)(2)(A));

       c.   intentionally inflicted serious bodily injury that resulted in the death of Ken Gonzalez-Rodriguez (Title 18, United States Code, Section 3591(a)(2)(B));

       d.   intentionally participated in an act,

contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Ken Gonzalez-Rodriguez died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Ken Gonzalez-Rodriguez died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

g. intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

42. Counts Ten, Eleven, and Twelve of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Ten, Eleven, and Twelve of the Indictment, alleging the murder of Israel Crespo-Cotto, the defendant OSCAR VALDES-GARCIA, a/k/a "Pony":

a. was 18 years of age or older at the time of

the offenses;

       b.    intentionally killed Israel Crespo-Cotto (Title 18, United States Code, Section 3591(a)(2)(A));

       c.    intentionally inflicted serious bodily injury that resulted in the death of Israel Crespo-Cotto (Title 18, United States Code, Section 3591(a)(2)(B));

       d.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Israel Crespo-Cotto died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

       e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Israel Crespo-Cotto died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

       f.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

       g.    the victim was particularly vulnerable due to old age, youth or infirmity (Title 18, United States Code,

Section 3592(c)(11)).

## SPECIAL FINDINGS AS TO RALPH LABOY

43. Counts Thirteen and Fourteen of the Indictment
are realleged and incorporated by reference as though fully set
forth herein. As to Counts Thirteen and Fourteen of the
Indictment, alleging the murder of Anthony Castro-Carrillo, the
defendant RALPH LABOY:

a. was 18 years of age or older at the time of
the offenses;

b. intentionally participated in an act,
contemplating that the life of a person would be taken and
intending that lethal force would be used in connection with a
person, other than one of the participants in the offenses, and
Anthony Castro-Carrillo died as a direct result of the act
(Title 18, United States Code, Section 3591(a)(2)(C));

c. committed the offense as consideration for
the receipt, or in the expectation of the receipt of anything of
pecuniary value (Title 18, United States Code, Section
3592(c)(8)); and

d. committed the offense after substantial
planning and premeditation to cause the death of a person (Title
18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO WILLIAM VASQUEZ-BAEZ

44. Counts Thirteen and Fourteen of the Indictment

are realleged and incorporated by reference as though fully set forth herein. As to Counts Thirteen and Fourteen of the Indictment, alleging the murder of Anthony Castro-Carrillo, the defendant WILLIAM VASQUEZ-BAEZ:

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Anthony Castro-Carrillo died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    committed the offense as consideration for the receipt, or in the expectation of the receipt of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

d.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

### SPECIAL FINDINGS AS TO JASON DONES-GONZALEZ

45.    Counts Fifteen, Sixteen, and Seventeen of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Fifteen, Sixteen, and Seventeen of the Indictment, alleging the murder of Carlos

32

Barbosa, the defendant JASON DONES-GONZALEZ, a/k/a "Jason,"
a/k/a "Arrabal":

a.    was 18 years of age or older at the time of
the offenses;

b.    intentionally killed Carlos Barbosa (Title
18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily
injury that resulted in the death of Carlos Barbosa (Title 18,
United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act,
contemplating that the life of a person would be taken and
intending that lethal force would be used in connection with a
person, other than one of the participants in the offenses, and
Carlos Barbosa died as a direct result of the act (Title 18,
United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an
act of violence, knowing that the act created a grave risk of
death to a person, other than one of the participants in the
offense, such that participation in the act constituted a
reckless disregard for human life and Carlos Barbosa died as a
result of the act (Title 18, United States Code, Section
3591(a)(2)(D));

f.    in the commission of the offenses, knowingly
created a grave risk of death to one and more persons in

addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

g.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

### SPECIAL FINDINGS AS TO REINALDO CRUZ-FERNANDEZ

46.    Counts Fifteen, Sixteen, and Seventeen of the Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Fifteen, Sixteen, and Seventeen of the Indictment, alleging the murder of Carlos Barbosa, the defendant REINALDO CRUZ-FERNANDEZ, a/k/a "Remy":

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Carlos Barbosa died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

d.    committed the offense after substantial

34

planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## SPECIAL FINDINGS AS TO JOSE VICTOR PELLOT-CARDONA

47. Counts Fifteen, Sixteen, and Seventeen of the Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Fifteen, Sixteen, and Seventeen of the Indictment, alleging the murder of Carlos Barbosa, the defendant JOSE VICTOR PELLOT-CARDONA, a/k/a "Vitito":

a. was 18 years of age or older at the time of the offenses;

b. intentionally killed Carlos Barbosa (Title 18, United States Code, Section 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Carlos Barbosa (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Carlos Barbosa died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of

death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Carlos Barbosa died as a result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

        f.   in the commission of the offenses, knowingly created a grave risk of death to one and more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

        g.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

<b>FORFEITURE ALLEGATION AS TO COUNT ONE</b>

        48.  As a result of committing the offense charged in Count One of this Indictment, JULIO MARQUEZ-ALEJANDRO, a/k/a "Chino Montero," LUIS BLONDET, a/k/a "Cabezon," OSCAR VALDES-GARCIA, a/k/a "Pony," JASON DONES-GONZALEZ, a/k/a "Jason," a/k/a "Arrabal," JOSE VICTOR PELLOT-CARDONA, a/k/a "Vitito," REINALDO CRUZ-FERNANDEZ, a/k/a "Remy," and JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

        a.   any interest acquired or maintained as a result of the offense charged in Count One;

        b.   any interest in, security of, claim against,

or property or contractual right of any kind affording a source of influence over any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense charged in Count One; and

c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the offense charged in Count One.

49. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), and (3), include but are not limited to, a sum that represents the gross proceeds received by the defendants pursuant to their racketeering activities as charged in Count One of the Indictment during the relevant time period charged in the Indictment and all interests and proceeds traceable thereto.

## FORFEITURE ALLEGATION AS TO COUNT EIGHTEEN

50. As a result of committing the controlled substance offense charged in Count Eighteen of this Indictment, JOSE MARTINEZ-DIAZ, a/k/a "Tony Zinc," and FERNANDO GOMEZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or

part to commit and to facilitate the commission of the narcotics violation alleged in Count Eighteen of this Indictment, including but not limited to, a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense charged in Count Eighteen of the Indictment.

## Substitute Assets Provision

51. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963; Title 21, United

States Code, Section 853.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JULIO MARQUEZ-ALEJANDRO,
a/k/a "Chino Montero," et al.,
Defendants.

## SEALED SUPERSEDING INDICTMENT

S5 16 Cr. 387 (JMF)

(18 U.S.C. §§ 1962, 1959,
924(j) and 2; 21 U.S.C. § 848(e).)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

12/10/18 FILED INDICTMENT in names issuing
Cott, USNJ