*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 3, 2019

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Fernando Gomez*, S5 16 Cr. 387 (JMF)

Dear Judge Furman:

    We write in response to the Court's August 13, 2019 order regarding whether a *Fatico* hearing is necessary to resolve the parties' disagreements with respect to the applicable Guidelines range. The Government has conferred with defense counsel on this issue and understands that defense counsel intends to submit a separate letter.

    The Government submits that a *Fatico* hearing is unnecessary. Under U.S.S.G. § 2D1.1(b)(1), if a dangerous weapon "was possessed," a two-level enhancement is warranted. This enhancement applies if the conduct at issue is "relevant to the offense." *United States v. Pellegrini*, 929 F.2d 55, 56 (2d Cir. 1991) (citing U.S.S.G. § 1B1.3). When the offense is a drug conspiracy, this includes all acts and omissions during the commission of the offense "within the scope of the jointly undertaken criminal activity," "in furtherance of that criminal activity," and "reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). To that end, under the relevant application notes, the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 11(A); *see also Pellegrini*, 929 F.2d at 56 (finding that enhancement applied because weapon was present at the place where drugs were stored).

    Here, in his plea agreement, the defendant admitted that he sold two firearms to Jose Martinez-Diaz, whom he knew to be a drug dealer. These facts alone show that it was reasonably foreseeable to Gomez—a law enforcement officer with training and experience in this area—that the guns would be used in connection with drug trafficking.

    The Second Circuit's recent opinion in *United States v. Ryan*, 2019 WL 3849549 (2d Cir. Aug. 16, 2019) is instructive. There, in the context of a felon in possession of a firearm case, the Court considered whether an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) was appropriate

September 3, 2019
Page 2

because the defendant had "reason to believe" that the relevant guns would be used in connection with another felony offense. The Court found that the enhancement applied because the defendants sold a large quantity of heroin to a confidential informant a week before the defendants sold the same informant a shotgun. *Id.* at *3. In doing so, the Court emphasized the "well-known connection between firearms and drug trafficking" and explained that "when a defendant sells a firearm to a known drug dealer, in most if not all cases it is reasonable to infer that the defendant understood, or had 'reason to believe,' that the firearm would be used in connection with another felony." *Id.* at *2.

Under the reasoning of *Ryan*, the enhancement is warranted here. In his plea agreement, the defendant admitted that he sold guns to a known drug trafficker. In his plea agreement and allocution, the defendant also admitted to participating in a narcotics conspiracy involving that drug trafficker. Accordingly, it was reasonably foreseeable that the guns would be used in connection with that criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B).

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By: /s/
        Jordan Estes/Allison Nichols/Lara Pomerantz/Andrew Thomas
        Assistant United States Attorneys
        (212) 637-2543/2366/2343/2106

cc:    Bertram Okpokwasili, Esq. (by ECF)