UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA                      :

     -v.-                                                        :       16 Cr. 387 (JMF)

JULIO MARQUEZ-ALEJANDRO, ET. AL.,   :

              Defendants.                     :

------------------------------------------------------------X

**Memorandum of Law on Behalf of Defendants
Julio Marquez-Alejandro, Luis Blondet, and William Vazquez-Baez
in Support of Their Motion to Preclude Based on Constructive
Amendment of the Superseding Indictment**

                                      Bobbi C. Sternheim
                                      Richard Reeve
                                      Grainne E. O'Neill
                                      *Counsel for Julio Marquez Alejandro:*

                                      Joshua Dratel
                                      Louis Freeman
                                      *Counsel for Luis Blondet:*

                                      Avraham Moskowitz
                                      Bruce Koffsky
                                      *Counsel for William Vasquez Baez*

TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


ARGUMENT

THE VIOLENT AND/OR CRIMINAL ACTS LISTED
IN THE GOVERNMENT'S DECEMBER 27th
ENTERPRISE LETTER SHOULD BE PRECLUDED
BECAUSE THEIR ADMISSION WOULD CONSTITUTE
A CONSTRUCTIVE AMENDMENT OF THE INDICTMENT. . . . . . . . . . . . . . . . . . . . . . . . . 4

A.   *The Law Applicable to a Constructive Amendment of an Indictment*. . . . . . . . . . . . . . . . . 5

B.   *The Law Applicable to Predicate Acts of Racketeering for a
     RICO Conspiracy Charge*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C.   *Here Admission of Any of the Additional Acts of Violence
     Would Constitute a Constructive Amendment of the Indictment
     Because Those Acts Were Not Considered By the Grand Jury*. . . . . . . . . . . . . . . . . . . . . 8

D.   *Admission of the Additional Acts of Violence Would Make RICO
     Conspiracy Unconstitutionally Vague As Applied in Violation of the
     Fifth Amendment's Due Process Guarantee, and In Violation of the Sixth
     Amendment's Grand Jury Clause*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

E.   *At the Very Least, the Court Should Inspect the Grand Jury Minutes
     to Determine Whether the Additional Violent Acts Were Presented to
     the Grand Jury as a Basis for Returning Count One of the Indictment*. . . . . . . . . . . . . . . 13

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

TABLE OF AUTHORITIES

CASES

*Ex Parte Bain*, 121 U.S. 1 (1887). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Grayned v. City of Rockford,* 408 U.S. 104 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Miller v. United States*, 471 U.S. 130 (1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stirone v. United States*, 361 U.S. 212 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 10, 11

*United States v. Applins*, 637 F.3d 59 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*United States v. Aracri*, 968 F.2d 1512 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Bastian*, 770 F.3d 212 (2d Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Blanchard*, 542 F.3d 1133 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. D'Amelio*, 683 F.3d 412 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*United States v. Danielson*, 199 F.3d 666 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*United States v. Frank*, 156 F.3d 332 (2d Cir.1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Glecier*, 923 F.2d 496 (7th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Milstein*, 401 F.3d 53 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9, 11

*United States v. Mollica*, 849 F.2d 723 (2d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Nersesian*, 824 F.2d 1294 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Patino*, 962 F.2d 263 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Roshko*, 969 F.2d 1 (2d Cir. 1992).. . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9, 11

*United States v. Salmonese*, 352 F.3d 608 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Weiss*, 752 F.2d 777 (2d Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Wozniak*, 126 F.3d 105 (2d Cir. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*United States v. Zingaro*, 858 F.2d 94 (2d Cir.1988).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

## STATUTES

U.S. Const. Amend. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12, 13

U.S. Const. Amend. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

RICO, 18 U.S.C. §962(d).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 7, 8, 9, 11, 12

21 U.S.C. § 841(a)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Puerto Rico Penal Code Article 262 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Puerto Rico Penal Code Article 263. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## Introduction

This Memorandum of Law is submitted in support of defendants Julio Marquez-Alejandro, Luis Blondet, and William Vasquez-Baez's motion to preclude admission of any of the violent and/or other criminal acts identified in the government's December 27, 2019, enterprise letter ("December 27th Enterprise Letter") that are not set forth in the Superseding Indictment, and which the government seeks to introduce at trial, because such admission would constitute a constructive amendment of the Superseding Indictment in violation of defendants' Sixth Amendment rights.

In the alternative, admission of the additional acts would render the Racketeer Influenced and Corrupt Organizations Act ("RICO") unconstitutionally vague as applied to defendants in Count One, and/or deny them their Sixth Amendment right to trial on a felony only by indictment returned by a grand jury. At the very least, it is respectfully submitted that the Court should inspect the grand jury minutes to determine whether the grand jury considered these additional acts that could very well serve as an essential element of the Count One RICO conspiracy.

## Statement of the Facts

In the first Superseding Indictment (S1) returned May 2, 2017, the government alleged the commission of six murders in connection with the alleged racketeering enterprise: (1) the April 9, 2005, murder of Crystal Martinez-Ramirez (Counts 2 and 3); (2) & (3) the June 23, 2006, murders of Jean Adorno-Caballero and Ken Gonzalez-Rodriguez (Counts 4 through 9); (4) the December 28, 2006, murder of Israel Crespo-Cotto (Counts 10 through 12); (5) the May 9, 2007, murder of Anthony Castro-Carrillo (Counts 13 through 15); and (6) the March 20, 2009, murder of Carlos Barbosa (Counts 16 through 18).

Those homicides were referred to generally in Count One, which charges a conspiracy under RICO, 18 U.S.C. §962(d), and were charged specifically in separate subsequent counts as substantive offenses.

A Superseding Indictment (S6) was returned December 10, 2019. *See* ECF Dkt # 307. In addition to deleting the names of defendants who had since pleaded guilty, and certain language in each of the substantive homicide counts, the Superseding Indictment added (a) "assault" to the "means and methods of the enterprise" [¶ 4(c)]; (b) as "g" to that section that "Members of the Enterprise and their associates bribed, corrupted, and employed law enforcement officers to protect and support the Enterprise, its members, and its objectives[;]" (c) in ¶ 5, as classes of predicate offenses "attempt" and "intent" under the laws of Puerto Rico; (d) also in ¶ 5, "multiple acts involving bribery, chargeable under Puerto Rico Penal Code Articles 262 and 263 (bribery)[;]" (e) as ¶¶ 7-8, special sentencing factors with respect to the narcotics allegations in Count One; and (f) details (*i.e.*, location) to certain of the substantive homicide counts.[1]

In its June 6, 2019, Enterprise Letter ("June 6th Enterprise Letter) (ECF Dkt # 253), the government set forth various acts of violence it sought to introduce at an earlier scheduled trial (which did not proceed because all the defendants therein pleaded guilty prior to trial). That June 6th Enterprise Letter also listed acts of violence, including two homicides, attributable to co-defendant Jose Martinez-Diaz, and a corrupt relationship between Mr. Martinez-Diaz and former law enforcement officer (and later codefendant) Fernando Gomez. Both Mr. Martinez-Diaz and

---

[1] At the time that Superseding Indictment was returned, the government provided a red-lined version that illustrated the changes from the prior Indictment. A copy of that red-lined version is attached for the Court's convenience as Exhibit 1 to the accompanying March 2, 2020, Declaration of Joshua L. Dratel, Esq.

Mr. Gomez have since pleaded guilty.

The government' December 27th Enterprise Letter,[2] addressed to counsel in this trial, advised that in addition to evidence regarding all the acts of violence set forth in its June 6th Enterprise Letter, the government intended to introduce numerous other uncharged crimes, including 21 murders and four attempted murders not charged in the Indictment or identified in the June 6th Enterprise Letter.[3]

In its January 14, 2020 response to defendants' motion for an adjournment, the government indicated that with respect to 13 of the new allegations (in its December 27th Enterprise Letter), it does not possess any Rule 16 discovery, and anticipates it will not obtain any, *i.e.*, it apparently is not seeking the underlying investigative files of the Puerto Rico Police Department. ECF Dkt # 329, at 4.

In that submission the government added that the source of the information about these additional acts of violence is cooperating witnesses, some or all of whom ostensibly provided information subsequent to the 2017 Indictment, and will testify at trial about those events. *Id*. Indeed, for the 13 homicides for which there is not any Rule 16 discovery, "the Government's *only* evidence is cooperator testimony," *id*. (emphasis added), and, with respect to several of the

---

[2] The government's December 27th Enterprise Letter, which remains under seal (in unredacted form), was provided as Exhibit 1 to defendants' January 9, 2020, motion to adjourn the trial.

[3] The precise number of murder victims is unclear in certain respects. For example, regarding the violent act noted in the December 27th Enterprise Letter, at ¶ 18 (p. 7 n. 3), the government indicates it does not know if deaths resulted from an attack on "rivals," in part because it "has been unable to locate a police file corresponding to this incident." Also, the 21 homicides are contained within 18 paragraphs because in some instances there was more than one victim in a particular incident.

homicides, either the alleged victims' or perpetrators' names are unknown. *See* December 27th Enterprise Letter, at ¶¶ 1, 4, 5, 13, 14, 16, 19 & 21.

## ARGUMENT

**THE VIOLENT AND/OR CRIMINAL ACTS LISTED IN THE GOVERNMENT'S DECEMBER 27th ENTERPRISE LETTER SHOULD BE PRECLUDED BECAUSE THEIR ADMISSION WOULD CONSTITUTE A CONSTRUCTIVE AMENDMENT OF THE INDICTMENT**

The Sixth Amendment protects a defendant from a felony charge and conviction absent an indictment returned by a grand jury. *See, e.g., Stirone v. United States*, 361 U.S. 212 (1960). As discussed below, if at trial the charges are broadened beyond what is contained in the indictment, that constitutes a constructive amendment of the indictment, which invalidates any conviction. Nor does a constructive amendment require any demonstration of prejudice, as it represents a *per se* violation of the Sixth Amendment. *Id.*, at 217.

Here, the government is prepared to argue that under Second Circuit law the additional acts of violence, including nearly two dozen murders, can be considered by the jury to satisfy the RICO conspiracy requirement that a defendant agree that at least two predicate acts of racketeering be committed in furtherance of conducting the charged enterprise's affairs.

As a result, admission of the additional homicides and attempted murders would constitute a constructive amendment, as the jury would be permitted to find any defendant (or all of them) guilty on Count One on the basis of charges not included in the Indictment, and not considered by the grand jury.

A.     *The Law Applicable to a Constructive Amendment of an Indictment*

The Supreme Court's decision in *Stirone* has served for more than half a century as the benchmark for determining a constructive amendment. In *Stirone*, the indictment alleged that the effect on interstate commerce was established by the transfer of sand from another state to a steel-processing plant in Pennsylvania. 361 U.S. at 213. However, at trial the district court permitted the government to expand that element – impact on interstate commerce – to include the transfer of steel from the plant in Pennsylvania to other states. *Id*., at 214.

As the Court explained in reversing the conviction, because of the evidence related to steel, "it cannot be said with certainty that with a new basis for conviction added, Stirone was convicted solely on the charge made in the indictment the grand jury returned." *Stirone*, 361 U.S. at 217. Elaborating, the Court noted, that "[a]lthough the trial court did not permit a formal amendment of the indictment, the effect of what it did was the same." *Id*.[4]

The Second Circuit has in several cases restated and reinforced the doctrine set forth in

---

[4] The Court in *Stirone* relied upon *Ex Parte Bain*, 121 U.S. 1 (1887), in which the Court declared that

> [i]f it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says "no person shall be held to answer," may be frittered away until its value is almost destroyed.

*Stirone* at 216, *quoting Ex parte Bain*, 121 U.S. 1, 10 (1887). *See also id*., at 216-17, *quoting Bain*, 121 U.S. at 13 ("[a]ny other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney * * *").

5

*Stirone*. *See, e.g., United States v. Milstein*, 401 F.3d 53 (2d Cir. 2005); *United States v. Wozniak*, 126 F.3d 105 (2d Cir. 1997); *United States v. Roshko*, 969 F.2d 1 (2d Cir. 1992); *United States v. Zingaro*, 858 F.2d 94 (2d Cir. 1988).  For example, in *Roshko*, the Court pointed out that "'it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself, . . .'" 969 F.2d at 5, *quoting Stirone*, at 215-216.

Thus, in *Roshko* the Court reiterated that *Stirone* "stands for the proposition that an indictment is constructively amended where the proof adduced at trial 'broadens the basis of conviction beyond that charged in the indictment.'" *Id*., *citing United States v. Patino*, 962 F.2d 263, 266 (2d Cir. 1992) and *Miller v. United States*, 471 U.S. 130 (1985).[5]  *See also Milstein*, 401 F.3d at 65 ("the fundamental principle is clear.  When the trial evidence or the jury charge operates to 'broaden [ ] the possible bases for conviction from that which appeared in the indictment,' the indictment has been constructively amended"), *quoting Miller*, 471 U.S. at 138 (emphasis omitted).

Also, in *Roshko*, the Court confirmed that "[s]ince the constructive amendment, or broadening, of the charging instrument at trial 'destroy[s] the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury' [*quoting Stirone*, 361 U.S. at 217], it 'is a *per se* violation of the grand jury clause of the Fifth Amendment' where such

---

[5] Both *Patino* and *Miller* are easily distinguishable.  In *Miller*, the Supreme Court held that the converse – *narrowing* at trial the allegations that had been (broader) in the indictment – was not a constructive amendment.  471 U.S. at 136.  In *Patino*, the prosecutor's mention in summation of three additional firearms did not constructively amend a 18 U.S.C. §924(c) count, but was instead only a variance in proof that did not prejudice the defendant because it did not affect an essential element.  962 F.2d at 265-66.

amendment affects 'an essential element of the offense.'" 969 F.2d at 5, *quoting Patino*, 962 F.2d at 265-66, and *Zingaro*, 858 F.2d at 98. *Accord Milstein*, 401 F.3d at 65. *See also Stirone*, 361 U.S. at 217 ("[d]eprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error"), *comparing Berger v. United States*, 295 U.S. 78 (1935).[6]

B.  *The Law Applicable to Predicate Acts of Racketeering for a RICO Conspiracy Charge*

Given the elastic nature of predicate offenses that, within the Second Circuit, a jury may find sufficient to convict a defendant of RICO conspiracy, the additional offenses alleged in the December 27th Enterprise Letter would, if admitted at trial, constitute a constructive amendment of the Indictment because they would permit the jury to find any of those acts to be one of the two requisite predicate acts a defendant would need to agree be committed in order to become a member of the RICO conspiracy charged in Count One.

In fact, in its response to defendants' motion for an adjournment of the trial, the government expressly endorsed using the additional murders and acts of violence as the predicate offenses necessary to support a conviction for the Count One RICO conspiracy. Indeed, the government's response states, "an adequately pleaded RICO conspiracy charge need not specify the specific predicate or racketeering acts that each defendant agreed would be committed. *See, e.g., United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011)." ECF Dkt # 329, at 7.

Under Second Circuit law "[n]either overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proven for a section 1962(d) offense."

---

[6] In *Berger*, the Court held that whether the proof at trial established multiple conspiracies in addition to that charged in the indictment was subject to harmless error analysis, and, in *Berger*, the variance was not material. 295 S. Ct. at 82-84.

*United States v. Applins*, 637 F.3d 59, 81-82 (2d Cir. 2011) (quoting *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991)).  Thus, "it is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity." *Id.* at 81-82.

Accordingly, the Second Circuit has held that a jury's verdict must be unanimous only "as to the types of predicate racketeering acts that the defendants agreed to commit without requiring a finding of specific predicate acts." *Id.* at 82.

**C.**      ***Here Admission of Any of the Additional Acts of Violence Would Constitute a Constructive Amendment of the Indictment Because Those Acts Were Not Considered By the Grand Jury***

Here, as demonstrated by the legal principles underlying the constructive amendment doctrine, and the case law discussed below applying it, the Second Circuit's RICO conspiracy jurisprudence makes it inevitable that the additional acts of violence included in the December 27th letter, but not in the Indictment or presented to the grand jury, would form the basis of the jury's determination that a defendant agreed to the commission of at least two predicate offenses, and therefore constitute a constructive amendment of the Indictment.

For instance, in *Zingaro*, the Second Circuit reversed the defendant's RICO conspiracy conviction (that had been grounded on predicate acts alleging extortionate extensions of credit) because the prosecution was permitted to introduce evidence of loan-sharking instances not specified in the indictment, and without a limiting instruction that would have precluded the jury from considering those instances as potential RICO predicate acts.  858 F.2d at 98-103.

In reversing the RICO conspiracy conviction in *Zingaro*, the Court held that the contested evidence constituted a constructive amendment of the indictment.  *Id*.  *See also Roshko*, 969 F.2d

at 4-6 (indictment that charged conspiratorial object of fraudulently obtaining green card for defendant's husband was constructively amended at trial by adding object of fraudulently obtaining the defendant's green card as well); *Milstein*, 401 F.3d at 65-66 (indictment's allegation of re-packaging/misbranding fraud constructively amended by adding at trial claims that the medicine was falsely labeled as sterile).

      Here, the problem that invalidated the RICO conspiracy convictions in *Zingaro, Roshko*, and *Milstein* – a single additional basis for establishing a necessary element – would be multiplied manifold: it is not just a single additional act at issue, but rather nearly *two dozen* that could satisfy an essential element of a RICO conspiracy.

      In *Roshko*, the Court noted that "the government introduced a sizable body of evidence to support this uncharged contention." 969 F.2d at 6. Here, the "body of evidence" would not merely be "sizeable;" rather, it would overwhelm the charges in the Indictment itself. Consequently, here, as in *Roshko*, "such evidence could easily have created a basis for conviction which the grand jury did not intend to create." *Id*.

      Also, as the Court pointed out in *Roshko*, "[w]ithout question, the object of a conspiracy constitutes an essential element of the conspiracy offense." 969 F.2d at 5. Here, equally indisputable is that the object of a RICO conspiracy – agreeing to conduct the affairs of the charged enterprise through a pattern of racketeering composed of at least two predicate offenses – is an essential element of Count One that could, if the additional acts are admitted, be established by conduct not considered by the grand jury.

      Indeed, the Superseding Indictment, at ¶ 6, alleges that "[i]t was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in

9

the conduct of the affairs of the Enterprise." Thus, as in *Stirone*, the additional basis for liability would be "neither trivial, useless, nor innocuous." 361 U.S. at 217 (citations omitted).[7]

Also, the Superseding Indictment identifies six specific murders. In *Wozniak*, the Court concluded there had been a constructive amendment because "[t]he indictment could have charged Wozniak generally with offenses involving controlled substances in violation of 21 U.S.C. § 841(a)(1) without mention of any specific drug. Had all the counts of the indictment not specified cocaine and methamphetamine, the conviction based solely on marijuana evidence might stand." 126 F.3d at 109-10. *Cf. United States v. Bastian*, 770 F.3d 212, 223 (2d Cir. 2014) ("a constructive amendment occurs where the government introduces proof of 'a complex of facts distinctly different from that' charged by the grand jury, not where it merely amends details pertaining to 'a single set of discrete facts set forth in the indictment'"), *quoting United States v. D'Amelio*, 683 F.3d 412, 419 (2d Cir. 2012); *id*., at 223 (distinguishing the circumstances in *Bastian* from constructive amendment cases in which "the challenged evidence or jury instructions tied a defendant's conviction to 'behavior entirely separate from that identified in the indictment'"), *quoting United States v. Danielson*, 199 F.3d 666, 670 (2d Cir.

---

[7] The necessity of proving that each defendant conspired that at least two predicate offenses be committed makes cases involving merely a *variance* in proof inapposite. *See, e.g., United States v. Aracri*, 968 F.2d 1512, 1519-1520 (2d Cir. 1992) (potential variance created by possibility that proof established multiple conspiracies and not just the conspiracy charged in the indictment was harmless beyond a reasonable doubt, and any prejudice was ameliorated sufficiently by a jury instruction). *See also United States v. Blanchard*, 542 F.3d 1133 (7th Cir. 2008) (any ambiguity from "on or about" date in indictment resolved by jury instruction that it need find the conduct occurred on a date reasonably near that in the indictment); *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987) (same).

1999).[8]

The expansive and extraordinarily indeterminate nature of a RICO conspiracy (under Second Circuit law) also implicates the Court's caution in *Roshko*, in which it "noted that because the fraud statutes target a broad range of conduct, it is even more critical that reviewing courts be vigilant to ensure that the government does not attempt to broaden the 'already pervasive and widesweeping nets of conspiracy prosecutions.'" 969 F.2d at 4-5, *quoting United States v. Weiss*, 752 F.2d 777, 795 (2d Cir. 1985) (Newman, J., *dissenting in part*) (other citations omitted).

Nor does the adjournment of the trial resolve the issue. As the Second Circuit emphasized in *Roshko*, "[t]he substantial right implicated here is not notice; it is the 'right to be tried only on charges presented in an indictment returned by a grand jury[.]'" 969 F.2d at 6, *quoting Stirone*, 361 U.S. at 217. As a result, "violation of this right requires reversal of the conviction." *Id*.

Ultimately, as the Second Circuit instructed in *Milstein*,

> "[t]o prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment."

401 F.3d at 65, *quoting Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (*in turn quoting United States v. Frank*, 156 F.3d 332, 337 (2d Cir.1998)).

Here, it cannot be contested that an additional two dozen violent acts would "so alter[] an

---

[8] In *Danielson*, the Second Circuit distinguished that case because the alteration – whether bullet shells or entire rounds traveled in interstate commerce – did not prove an essential element of the charge, and was therefore not part of the conspiracy. 199 F.3d at 669-70.

11

essential element" of the Count One RICO conspiracy that it would be "uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment."[9]

**D.    *Admission of the Additional Acts of Violence Would Make RICO Conspiracy Unconstitutionally Vague As Applied in Violation of the Fifth Amendment's Due Process Guarantee, and In Violation of the Sixth Amendment's Grand Jury Clause***

Admission of acts not considered by the grand jury, but which could nevertheless be utilized by the trial jury to establish an essential element of Count One, would jeopardize the constitutionality of the RICO conspiracy statute as applied to defendants herein. Permitting a RICO conspiracy to be proved under such circumstances would stretch the current law in the Second Circuit with respect to RICO conspiracy beyond the point of vagueness.

Without restricting what the jury could consider as the predicate offenses that could substantiate a RICO conspiracy charge, there would simply not be any limit on what the government could shoehorn into a RICO conspiracy. That would deprive defendants of adequate notice of the conduct with which they are charged, and vest in the prosecution the capacity for unchecked arbitrary and discriminatory enforcement of the statute. *See, e.g., Grayned v. City of Rockford,* 408 U.S. 104, 108-09 (1972) (a statute is unconstitutionally vague if it fails to provide adequate notice of what conduct is proscribed, and lacks definable standards, thereby rendering

---

[9] The precise language in Second Circuit opinions has not remained consistent. For example, in *D'Amelio*, the Court stated that a constructive amendment occurs when the evidence and instructions "so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." 683 F.3d at 416 (*quoting United States v. Mollica*, 849 F.2d 723, 729 (2d Cir. 1988)). Here, admission of the additional acts in the December 27th Enterprise letter would create a "substantial likelihood" as well as "uncertainty" that defendants would be convicted on the basis of offenses other than those charged in the Superseding Indictment and/or presented to the grand jury. Thus, defendants' motion is meritorious regardless the specific linguistic standard applied.

them susceptible to arbitrary and discriminatory enforcement).

Accordingly, admission of the additional acts would deny defendants herein the Due Process guaranteed them by the Fifth Amendment, and, even irrespective of the doctrine of constructive amendment, their Sixth Amendment right to trial on felony charges returned only by a grand jury.

**E.**  *At the Very Least, the Court Should Inspect the Grand Jury Minutes to Determine Whether the Additional Violent Acts Were Presented to the Grand Jury as a Basis for Returning Count One of the Indictment*

At the very least, it is respectfully submitted that the government should provide to the Court for *in camera* inspection any portions of the grand jury minutes that include the specific acts the government's wishes to introduce as illegal acts committed in the context of the charged enterprise. Otherwise, the introduction of such acts that the grand jury did not consider would constitute a constructive amendment of the Indictment, and deny defendants their Sixth Amendment rights.

**Conclusion**

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court should grant defendants' motion in its entirety, and preclude admission of any acts identified in the government's December 27th Enterprise Letter that were not considered by the grand jury in returning the Superseding Indictment.

Dated: 2 March 2020
      New York, New York

                                            Respectfully submitted,

_____

Joshua L. Dratel
Louis Freeman

*Counsel for Luis Blondet*

_____

Bobbi C. Sternheim
Richard A. Reeve
Grainne E. O'eill

*Counsel for Julio Marquez Alejandro*

_____

Avraham C. Moskowitz
Bruce Koffsky

*Counsel for William Vasquez Baez*